UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CYNTHIA FUHRMAN** ) | | |
| ) | | |
| **Plaintiff** ) | | Case Number |
| ) | | |
| vs. ) | | |
| ) | | **CIVIL COMPLAINT** |
| ) | | |
| **OXFORD LAW, LLC** ) | | **JURY TRIAL DEMANDED**. |
| & ) | | |
| **HALSTED FINANCIAL** ) | | |
| **SERVICES, LLC** ) | | |
| & ) | | |
| **CASCADE RECEIVABLES** ) | | |
| **MANAGEMENT** ) | | |
| ) | | |
| **Defendants** ) | | |
| ) | | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Cynthia Fuhrman, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Cynthia Fuhrman, is an adult natural person and she brings this action for actual and statutory damages and other relief against all Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Code, which both prohibit debt collectors from engaging in abusive, deceptive and unfair practices and

against Defendants, Oxford Law and Cascade for Breach of Contract and Civil Conspiracy.

## II.  JURISDICTION

2.	Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.	Venue in this District is proper in that the Defendant, Oxford Law, LLC, maintains a primary location in this District.

## III.  PARTIES

4.	Plaintiff, Cynthia Fuhrman, is an adult natural person residing 1225 Nancy Court, Upland, CA 91786.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.	Defendant, Oxford Law, LLC (hereafter, Defendant, Oxford), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within but not limited to the Commonwealth of Pennsylvania and the state of California with a principal place of business located at 311 Veterans Highway, Suite 100A, Levittown, PA 19056.

6.	Defendant, Halsted Financial Services (hereafter, Defendant, Halsted), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within but not limited to the states of Illinois and California with a principal place of business located at 1822 N. Ridge Avenue, Evanston, IL 60201.

7.	Defendant, Cascade Receivables Management, (hereafter, Defendant, Cascade) at all times relevant hereto, is and was a corporation engaged in the business of

collecting debt in but not limited to the state of California with a principal place of business located at 101 2nd Street, Suite #100, Petaluma, CA 94952.

8. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

9. On or about August 13, 2013, Plaintiff along with assistance from her debt settlement company entered into a settlement arrangement with Defendant, Oxford, on a debt allegedly owed to Defendant, Cascade.

10. Plaintiff's original account said to be owed on a Tribute MasterCard account had a balance of approximately $856.82.

11. Defendant, Oxford, offered the Plaintiff the opportunity to settle the account for the lesser amount of $430.00.

12. Plaintiff agreed and was to make nine (9) payments beginning on or before August 30, 2013 and ending April 30, 2014 in delegated varying amounts.

13. On or about August 15, 2013, Plaintiff made the first of four (4) payments in the amount of $28.00 as agreed.

14. From September, 2013 through November, 2013, Plaintiff made the next three (3) required payments to Defendant, Oxford, in the amount of $28.00.

15. Defendant, Oxford, accepted and did not return any of the above referenced payments.

16. Beginning on or about December 10, 2013, Plaintiff made her fifth required payment in the amount of $65.00 followed by payments for the same amount in January, 2014 through March, 2014.

17. Defendant, Oxford, accepted and processed these payments.

18. Plaintiff made her ninth and final payment of $58.00 on or about April 10, 2014.

19. Defendant, Oxford, did not process or return this payment.

20. Shortly after it was discovered that the payment was not processed, the debt settlement company that Plaintiff was working with contacted Defendant, Oxford, and spoke with a representative by the name of "Nancy", who stated that the Plaintiff's account had been recalled by Defendant, Cascade, on April 1, 2014.

21. A call was then made to Defendant, Cascade's representative "Nicole", who stated that she could not assist, as the Plaintiff's account had already been turned over to Defendant, Halsted.

22. Defendant, Halsted, was immediately contacted.

23. Plaintiff's debt settlement company was informed by a "Ms. Connors", that she would require a Power of Attorney (POA) letter to discuss this matter.

24. A POA was immediately emailed to "Ms. Connors" at admin@halstedfinancial.com .

25. "Ms. Connors", stated that the Plaintiff owed a current balance of $419.82 and that it needed to be received no later than April 28, 2014.

26. At that time, Plaintiff's debt consolidation company tried to explain that the Plaintiff was already in a settlement arrangement and had not missed a payment.

27. Plaintiff wanted know why the account was passed to Defendant, Halsted, at the end of a settlement arrangement.

28. Defendant, Halsted's, agent, "Ms. Connors" did not know why the account was recalled but stated that she would not honor any prior offers that had been made on this account.

29. Defendant, Halsted, offered to settle for $293.87, but no less.

30. The clear breach of contract by Defendants Oxford and Cascade has caused the Plaintiff to owe hundreds over the original settlement offer, at no fault of the Plaintiff.

31. On a second call to Defendant, Halsted, Plaintiff's debt settlement company spoke with an agent "Don", who again confirmed that they will not honor any previous settlements set up on this account.

32. "Don" offered a slightly lesser payment of $272.00, but stated that he could not negotiate any lower.

33. As of the filing of this complaint, Defendant, Oxford, has not returned or processed Plaintiff's final payment of $58.00 nor has the payment been sent to any of the other Defendants involved.

34. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

35. The Defendants acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

36. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants listed above could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

37. At all times pertinent hereto, Defendants, and all of them were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

38. At all times pertinent hereto, the conduct of Defendants and all of them as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

39. As a result of Defendants conduct and all of them, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

*Plaintiff v. All Defendants*

40. The above paragraphs are hereby incorporated herein by reference.

41. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

42. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§1692e: | Any false, deceptive, or misleading representation or means in connection with the debt collection |
| §§1692e(2): | Character, amount or legal status of the alleged debt |
| §§1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CALIFORNIA CIVIL CODE §§1788 et seq.

*Plaintiff v. All Defendants*

43. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated in this complaint.

44. Defendants' actions constitute violations of the California Civil code §§1788 et seq. as alleged above including but not limited to, violations of:

>§§1788.13(e)  The false representation that the consumer debt may be increased by the addition of fees, finance charges, or other charges, in fact such charges may not legally be added to an existing obligation

45. Defendants actions constitute violations of the California Civil code §§1788.17 by failing to comply with the FDCPA as alleged above.

46. As a result of the above-described violations of the CA FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to CA Civil Code §§1788.30 (a), statutory damages for a knowing or willful violation pursuant to CA Civil Code §§1788.30(b) and reasonable attorney's fees and costs pursuant to CA Civil Code §§1788.30(c) from Defendant.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

a. An award of actual damages pursuant to CA Civil Code §§1788.30 (a);

b. The maximum amount of statutory damages provided under CA Civil Code §§1788.30 (b);

c. For an award of costs of litigation and reasonable attorneys' fees pursuant to CA Civil Code §§1788.30(c); and

d. Such other or further relief as the Court deems just and proper.

## COUNT III - BREACH OF CONTRACT

*Plaintiff v. Oxford Law, LLC and Cascade Receivables Management*

47.The above paragraphs are hereby incorporated herein by reference.

48.The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, Oxford and Cascade promised to Plaintiff the opportunity to participate in an agreed upon settlement.  Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

49.Defendants are in breach of their contract.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Oxford and Cascade, for the following:

a.Actual damages;

b.Statutory damages pursuant to 15 U.S.C. § 1692k;

c.Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT IV - CIVIL CONSPIRACY

*Plaintiff v. Oxford Law, LLC and Cascade Receivables Management*

50.Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 9 through 49, inclusive, of this complaint as though fully set forth herein.

51. Plaintiff is informed and believes and therein alleges that Defendants, Oxford and Cascade, entered into an agreement under which said Defendants, acting in concert, agreed to willfully or knowingly violate the FDCPA.

52. The acts of the Defendants, Oxford and Cascade, were in furtherance of a conspiracy to violate a legal duty for their own financial gain.

53. Defendants, Oxford and Cascade, had an independent duty to Plaintiff and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants financial gain.

54. Defendants, Oxford and Cascade at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

55. As a proximate result of the wrongful acts of the Defendants, Oxford and Cascade, Plaintiff have been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Oxford and Cascade for the following:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                       **Respectfully submitted,**

                                       **VULLINGS LAW GROUP, LLC**

**Date:  June 27, 2014**　　　　　**BY:** */s/Brent F. Vullings bfv8435*
　　　　　　　　　　　　　　　　Brent F. Vullings, Esquire

　　　　　　　　　　　　　　　　Vullings Law Group, LLC
　　　　　　　　　　　　　　　　3953 Ridge Pike
　　　　　　　　　　　　　　　　Suite 102
　　　　　　　　　　　　　　　　Collegeville, PA 19426
　　　　　　　　　　　　　　　　610-489-6060
　　　　　　　　　　　　　　　　bvullings@vullingslaw.com
　　　　　　　　　　　　　　　　Attorney for Plaintiff